**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE MARINA CLUB OF
TAMPA CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                                     Case No. 8:26-cv-209-KKM-LSG

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

      Defendant.

_____

## <u>ORDER</u>

Defendant Philadelphia Indemnity Insurance Company moves under

Federal Rule of Civil Procedure 42(a)(2) to consolidate this action with seven

other cases filed against it in this District by the Marina Club of Tampa

Condominium Association, Inc.[1] *See* Am. Mot. to Consolidate (MTC) (Doc. 30).

The Marina Club opposes consolidation. *See* Resp. (Doc. 31).

Rule 42(a) provides, "[i]f actions before the court involve a common

question of law or fact, the court may . . . (2) consolidate the actions." *See also*

Local Rule 1.07(b) ("If actions assigned to a judge present the probability of

---

[1] The additional cases are No. 8:26-cv-235-KKM-TGW, No. 8:26-cv-274-KKM-AEP, No. 8:26-cv-348-KKM-LSG, No. 8:26-cv-349-KKM-LSG, No. 8:26-cv-350-KKM-LSG, No. 8:26-cv-351-KKM-AEP, and No. 8:26-cv-418-KKM-AAS. Philadelphia filed "a notice and a copy of the motion in the other action[s]," as required by Local Rule 1.07(b), and all cases have been transferred to me with my consent.

inefficiency or inconsistency, a party may move to consolidate the actions.").

"[T]he decision to invoke [Rule 42] is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).[2] In exercising my discretion under Rule 42, I consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citation modified). The Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) . . . in order to expedite [] trial and eliminate unnecessary repetition and confusion." *Id.* (citation modified).

In the light of these factors, consolidation is appropriate here. Philadelphia operates as an insurance carrier in the National Flood Insurance Program, under which it issued Standard Flood Insurance Policies (SFIPs) to the Marina Club for individual units in the same condominium complex. *See* Am. MTC at 2–3; (Doc. 30-1). The Marina Club's condominium units sustained

---

[2] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

flood damage on September 4, 2024, and September 26, 2024, and the Marina Club sought to recover for those losses under the SFIPs. *See* Am. MTC at 3; Compl. (Doc. 1) ¶¶ 8–14. Between January and February 2026, the Marina Club filed eight separate actions against Philadelphia, alleging that Philadelphia breached the SFIPs. *See, e.g.*, Compl. ¶¶ 15–19; *supra* at 1 n.1. Although the SFIPs and claim files are different for each loss, the legal claims and defenses presented in each action are similar. For example, the Marina Club consistently alleges that Philadelphia under-scop[ed] covered damages, den[ied] covered items of loss, and underpa[id] covered amounts due under the SFIP." *Compare* Compl. ¶ 18, *with Marina Club of Tampa v. Philadelphia Indemn. Ins. Co.*, 8:26-cv-235-KKM-TGW (M.D. Fla. Jan. 27, 2026), Dkt. No. 1 ¶ 18. Consolidation minimizes the risk of inconsistent adjudication of common questions of law and fact.

Additionally, counsel is the same across all eight cases, and Philadelphia represents that "the same independent adjusters and public adjusters" will be involved in each action. Am. MTC at 3. I therefore agree that consolidation will likely streamline discovery, decrease the burden on witnesses, and reduce the overall cost of litigation for both parties. In fact, the parties have already agreed to mediate before Eric Kleinman on August 11 and 12, 2026, in seven of the eight cases. *See* Am. MTC at 3; Resp. at 3.

The Marina Club opposes consolidation and relays that "[t]he pleadings and exhibits reflect different policies, different claim numbers, different proofs of loss, different carrier letters, and different claimed amounts from building to building and, in the dual-loss actions, from loss to loss." Resp. at 3. But the Marina Club does not explain how the individual SFIPs differ, nor does it persuade that marginally different facts related to each loss will cause prejudice or confusion. Contrary to the Marina Club's position, courts routinely consolidate actions to recover under different insurance policies. *See, e.g.*, *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) (recognizing the propriety of consolidation "even in complex insurance cases"); *Sunset Bay Condo. Ass'n v. Hartford Ins. Co. of the Midwest*, No. 2:24-CV-00334-JLB-NPM, 2025 WL 1434306, at *1 (M.D. Fla. May 19, 2025) (consolidating actions "seek[ing] recovery of damages . . . for alleged breaches of Standard Flood Insurance Policies as to properties owned by Plaintiffs that sustained flood damage during Hurricane Ian on September 28, 2022").

I therefore conclude that the relevant factors support consolidation under Rule 42(a)(2). Accordingly, the following is **ORDERED:**

1. Defendant Philadelphia Indemnity Insurance Company's Amended Motion to Consolidate Cases (Doc. 30) is **GRANTED**. Defendant's Motion to Consolidate Cases (Doc. 26) and Motion for Leave to File a Reply (Doc. 32) are **DENIED as moot**.

2. The Clerk is directed to **CONSOLIDATE** Case No. 26-cv-209-KKM-LSG, Case No. 8:26-cv-235-KKM-TGW, Case No. 8:26-cv-274-KKM-AEP, Case No. 8:26-cv-348-KKM-LSG, Case No. 8:26-cv-349-KKM-LSG, Case No. 8:26-cv-350-KKM-LSG, Case No. 8:26-cv-351-KKM-AEP, and Case No. 8:26-cv-418-KKM-AAS for all further proceedings.

3. This action shall proceed under the lead case 8:26-cv-209-KKM-LSG, and all future pleadings shall be filed in that case. The additional consolidated cases shall be **ADMINISTRATIVELY CLOSED**.

4. The Parties shall identify this action in every paper filed by the case number **8:26-cv-209-KKM-LSG (Consolidated)**.

5. The Court will issue an Amended Case Management and Scheduling Order under separate cover.

6. The Clerk shall promptly docket in the consolidated cases a notice of the entry of this Order.

**ORDERED** in Tampa, Florida, on April 29, 2026.

Kathryn Kimball Mizelle
United States District Judge